UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LYDIA HIND TAYLOR,

    Plaintiff,

v.                                        Case No:  6:18-cv-1390-Orl-UAM

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Lydia Hind Taylor, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

  **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

On March 16, 2016, the Plaintiff filed applications for a period of disability and DIB, as well as SSI, alleging a disability onset date of August 1, 2009. (Tr. 22, 84-85, 216). Plaintiff's claims were denied initially on April 25, 2016, and upon reconsideration on April 25, 2016. (Tr. 117, 120). On November 15, 2017, administrative law judge ("ALJ") Emily R. Statum held an administrative hearing. (Tr. 49). On March 29, 2018, the ALJ issued a decision, finding that the Plaintiff was not disabled within the meaning of Social Security Act. (Tr. 19, 34). On July 17, 2018, the Appeals Council denied the Plaintiff's request for review. (Tr. 1). Plaintiff subsequently initiated this action by filing a Complaint (Doc. 1) on August 23, 2018.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 10, 2009, the alleged onset date. (Tr. 24). At step two, the ALJ found that Plaintiff had the following severe impairments: Grave's disease, hypothyroidism, mild mitral regurgitation, history of tachycardia, hypertension, and arthritis a bipolar disorder, an anxiety disorder, a personality disorder and an adjustment disorder. (Tr. 25). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform simple, routine, and repetitive tasks and simple, unskilled repetitive assignments with occasional contact with coworkers, supervisors, and the public.

(Tr. 29). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as "customer service." (Tr. 32).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 33). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as copy machine operator, mail clerk, and office helper. (Tr. 33). The ALJ concluded that Plaintiff had not been under a disability from January 10, 2009, the alleged onset date, through March 29, 2018, the date of the ALJ's decision. (Tr. 34).

## II. Analysis

Plaintiff raises four issues on appeal: (1) whether the ALJ erred by failing to fully develop the record; (2) whether the ALJ erred by failing to give Plaintiff a timely notice of hearing and failing to obtain a waiver from Plaintiff; (3) whether the ALJ erred by failing to include Plaintiff's limitations as opined by state agency psychological consultant Dr. Grubbs; (4) whether the ALJ erred by failing to resolve an apparent inconsistency between the VE testimony and the DOT. The Court begins with Plaintiff's first raised issue.

Plaintiff argues that the ALJ erred by failing to fully and fairly develop the record because she failed to obtain certain medical evidence critical to Plaintiff's case. (Doc. 19 p. 7).

Specifically, Plaintiff, who was not represented at the time of the administrative hearing, notes that the ALJ stated at the hearing that she would request Plaintiff's medical records from Park Place Behavioral, but the record reveals no post-hearing attempt by the ALJ to obtain such records. (Doc. 19 p. 7). In addition, Plaintiff argues that the ALJ made no attempt to secure evidence from Marion County Jail and from Orange Blossom Family Health. (Doc. 19 p. 8). Plaintiff argues that the ALJ should have attempted to obtain these records as part of her independent duty to develop the record. (Doc. 19 p. 8). Further, Plaintiff argues that the ALJ made improper adverse findings regarding the severity of Plaintiff's mental condition based on the incorrect premise that Plaintiff lacked regular treatment for her mental condition. (Doc. 19 p. 9). According to Plaintiff, if the ALJ had obtained the evidence above, she would not have been justified in concluding that Plaintiff's mental impairments were not severe. (Doc. 19 p. 9). Finally, Plaintiff argues that the ALJ failed to properly inform Plaintiff regarding the issues in the case, specifically, the importance of her date last insured and what she was required to prove to succeed in her disability insurance benefits claim. (Doc. 19 p. 11).

In response, Defendant argues that Plaintiff has failed to show that additional information was necessary for the ALJ to make an informed decision, and she failed to show that she was prejudiced regarding the development of the record. (Doc. 19 p. 12-13). Further, Defendant argues that if any additional medical records actually existed, it was Plaintiff's duty and burden of providing the medical records. (Doc. 19 p. 13). Defendant argues that Plaintiff obtained counsel at the Appeals Council level who could have submitted additional evidence. (Doc. 19 p. 13). Defendant argues that Plaintiff's argument that she was not informed about the issues of the case is unfounded because Plaintiff was represented by counsel at the time. (Doc. 19 p. 14).

The Eleventh Circuit has stated that "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded . . . for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). In determining whether to remand for further development, "[t]he court should be guided by whether the record reveals any evidentiary gaps which result in unfairness or clear prejudice." *Id.* Examples of such prejudice are the ALJ's failure to obtain records, elicit testimony, or consider all record evidence. *Brown v. Shalala*, 44 F.3d 931, 936 (11th Cir. 1995); *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (finding prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision.").

In this case, the Court finds it appropriate for the case to be remanded for the ALJ to further develop the record. At the time of the administrative hearing, Plaintiff's original counsel had withdrawn and Plaintiff appeared without benefit of counsel. When a claimant is not represented before the ALJ, the ALJ's "obligation to develop a full and fair record rises to a special duty ... to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts and to be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Graham*, 129 F.3d at 1423 (internal citations omitted).

At the administrative hearing, the ALJ appeared to understand this special duty by twice stating that she would request the medical records from Park Place Behavioral. (Tr. 59, 66). The ALJ further stated that "[a]fter these records come in, I'll take a second look at your file and I'll be making a decision and we'll be mailing it to you." (Tr. 66). Despite these statements that she would request the documents, there is no indication in the record that the ALJ made any attempt

to secure the medical records from Park Place Behavioral.  Nevertheless, despite her statements at the hearing, the ALJ entered her decision without securing or reviewing them.  The ALJ's apparent failure to attempt to secure these documents violates not only her statements at the administrative hearing, but also her special duty to develop the record.  For this reason, the Court finds it appropriate for this case to be remanded for the ALJ to secure Plaintiff's records from Park Place Behavioral.

Defendant's argument that remand is not necessary because Plaintiff, after she secured counsel, should have presented this evidence to the Appeals Council is not without merit.  However, under the facts of this case, where the ALJ specifically stated that she would attempt to secure the medical records from Park Place Behavioral, fairness requires that the ALJ secure and consider the evidence she told Plaintiff she would secure.

Because the Court has already determined that remand is necessary, the Court defers from address Plaintiff's second raised issue, i.e., whether the ALJ erred by failing to give Plaintiff a timely notice of hearing and failing to obtain a waiver from Plaintiff.

As to the remaining issues, because the new evidence from Park Place Behavioral may alter the ALJ's weighing of the evidence and ultimate RFC determination, the Court defers from addressing these issues at this time.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED.**  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties